UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SEAN JACKSON, | ) |
|     Petitioner, | ) |
| v. | )   No.: 3:21-CV-259-TAV-DCP |
| UNITED STATES OF AMERICA, | ) |
|     Respondent. | ) |

## **MEMORANDUM OPINION**

This is a prisoner's pro se complaint for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 [Doc. 1]. On July 20, 2021, the Clerk entered a notice of the requirement that Petitioner must update his address with the Court within fourteen (14) days of any change in address, or this action may be dismissed, and sent a copy of this notice to Petitioner [Doc. 2]. Also, on July 21, 2021, the Clerk entered a notice informing Petitioner that he had not filed the required documents to proceed *in forma pauperis*, providing him twenty (20) days to do so, and notifying him that failure to timely comply would result in administrative closure of this action, and the Clerk sent a copy of this notice to Petitioner [Doc. 3]. However, more than two weeks ago, the United States Postal Service returned the mail to Petitioner containing these notices to the Court as undeliverable with notations indicating that Petitioner has been released [Doc. 4 p. 2; Doc. 5 p. 2]. Petitioner has not filed any notice of change of address or otherwise communicated with the Court since the return of this mail. Accordingly, this matter will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Petitioner's failure to comply with the Clerk's previous notices was due to his willfulness or fault, as Petitioner failed to keep the Court apprised of his current address, as the Court's local rule requires. E.D. Tenn. LR83.13. As to the second factor, the Court finds that Petitioner's failure to comply with the Clerk's notices has not prejudiced Respondent but notes that neither the Court nor Respondent can communicate with Petitioner about this case without his current address. As to the third factor, as noted above, the Clerk's notices notified Petitioner that failure to timely provide the Court notice of address changes and/or timely file the required documents to proceed *in forma pauperis* may result in dismissal of this action [Docs. 2, 3]. Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted, as Petitioner failed to comply with the Clerk's instructions and does not appear to seek to prosecute this case. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

2

Case 3:21-cv-00259-TAV-DCP   Document 6   Filed 09/01/21   Page 2 of 3   PageID #: 17

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Petitioner's pro se status prevented him from complying with the Clerk's notices [*Id.*] and Petitioner's pro se status does not mitigate the balancing of factors under Rule 41(b).

The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

3